# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ULIOUS BROOKS,<br>  Plaintiff | Case No. 1:10-cv-077 |
| | Dlott, J. |
| vs | Black, M.J. |
| JUDGE HOWARD HARCHA, III, et al.,<br>  Defendants | **ORDER** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this action pro se pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898

F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii); 1915A(b)(1). Plaintiff's pro se complaint must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson,* 551 U.S. at 93 (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556). Thus, when "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (citing *Twombly*, 550 U.S. at 557) (internal quotations omitted)).

Plaintiff, who is proceeding pro se, brings this action against Scioto County, Ohio Common Pleas Judge Howard Harcha, III, Scioto County Prosecutors Mark Kuhn and Joseph Hale, Ohio State Trooper Mark Ball, SOCF Warden Phillip Kerns, SOCF Corrections Officers Robert Hudnell and Dean Boggs, and John Doe SOCF Institutional Investigator. Plaintiff

2

alleges that in September 2008, he was attacked by Corrections Officer Hudnell. However, plaintiff was accused of assaulting Officer Hudnell and placed in Security Control segregation. Plaintiff was later interviewed by Trooper Ball, who allegedly yelled at him and told him he was charging him with felonious assault. On January 23, 2009, plaintiff was indicted on a charge of felonious assault in the Scioto County, Ohio Court of Common Pleas. Four days later, Trooper Ball served plaintiff with a copy of a defective summons. Plaintiff states that at a pretrial hearing, Judge Harcha threatened to add eight years to his existing sentence based on the felonious assault charge. During the discovery phase of his criminal proceedings, plaintiff learned he was charged with causing a broken zygomatic fracture of Officer Hudnell's eye, and that the State's witnesses were Officer Hudnell, Officer Boggs, and Trooper Ball.

Plaintiff alleges that both his indictment and summons were defective because they lacked the required signatures of the grand jury foreperson and judge, respectively. Plaintiff alleges that Officer Hudnell "faked" his eye injury since he never took a day off work and never presented an expert witness in support of his claimed injury. The complaint further alleges that Officer Boggs agreed to be a witness against plaintiff even though he knew Officer Hudnell faked his eye injury and that plaintiff's indictment and summons were defective. Plaintiff states that Warden Kerns also knew the indictment and summons were defective and that the evidence against plaintiff was insufficient, but nevertheless participated in the "sham legal process" by allowing plaintiff to be indicted. Plaintiff alleges that Prosecutor Mark Kuhn knowingly served him with a defective indictment in Case No. 09-cr-079 and that both defendants Kuhn and Hale prosecuted him knowing there was no expert witness or evidence to prove felonious assault. Plaintiff states that Judge Harcha allowed the criminal proceedings to

go forward knowing plaintiff's indictment and summons were defective and ruled against all of plaintiff's pretrial motions. He states that Judge Harcha knew the legal proceedings were a sham, but permitted plaintiff to be convicted anyway. Plaintiff alleges that all of the defendants participated in a sham legal proceeding and conspired to have him indicted and convicted.[1] Plaintiff requests $5 million in damages, that all the defendants be fired from their jobs, and that he never have to appear in the Scioto County Court of Common Pleas again.

For the reasons that follow, plaintiff's complaint against the defendants must be dismissed because it fails to state a claim for relief under 42 U.S.C. § 1983 and seeks monetary relief from defendants who are immune from such relief.

Plaintiff has no right to relief under 42 U.S.C. § 1983 since a ruling in his favor would necessarily cast doubt on his state court conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995). A § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck*, 512 U.S. at 486-87. When an inmate's successful § 1983 damages action would necessarily imply that his sentence or conviction was invalid, the complaint must be dismissed unless the inmate can demonstrate that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by the issuance of a writ of habeas corpus in order to

---

[1] The state court docket sheet shows plaintiff ultimately pled guilty to a reduced charge of attempted felonious assault and received an agreed one year sentence. *See State of Ohio v. Brooks*, No. 09-cr-0097 (Scioto Cty. Com. Pls. May 14, 2009) (found at: http://www.sciotocountycpcourt.org)

4

proceed with the § 1983 action. *Id.*

In this case, the complaint alleges that defendants conspired to convict plaintiff based on an illegal indictment and summons and insufficient evidence. The complaint implies that plaintiff's conviction and sentence are illegal because defendants violated plaintiff's constitutional rights in procuring his conviction and sentence. A judgment in favor of plaintiff in this action would necessarily imply that his state court conviction and resulting imprisonment are invalid. However, plaintiff has not alleged any facts showing his conviction has been invalidated by a federal or state court or other appropriate tribunal. The Court takes judicial notice that plaintiff's appeal of his criminal conviction is still pending before the Scioto County, Ohio Court of Appeals. *See State of Ohio v. Brooks*, Case No. 09-CA-3329 (4th Dist. Ohio App.) (notice of appeal filed Oct. 29, 2009) (found at: http://www.sciotocountycpcourt.org/). Since plaintiff has not demonstrated his conviction has been overturned or invalidated, he may not proceed with a § 1983 action for money damages against the defendants. *Id.*

In addition, plaintiff's complaint against Judge Harcha must be dismissed because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997), *cert. denied*, 523 U.S. 1075 (1998). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.), *cert. denied,* 474 U.S. 971 (1985).

Judge Harcha is protected by absolute judicial immunity in this case. Even though

plaintiff's complaint suggests that Judge Harcha conspired with the prosecutors, witnesses and other defendants in an effort to procure a conviction against plaintiff, this action would not deprive Judge Harcha of absolute judicial immunity. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump*, 435 U.S. at 356. As explained by the Sixth Circuit:

> If the matter upon which the judge acts is clearly outside the subject matter jurisdiction of the court over which the judge presides, the act is done in the clear absence of all jurisdiction. By contrast, merely acting in excess of authority does not preclude immunity. For example, a criminal court judge would be immune from liability for convicting a defendant of a nonexistent crime, an act taken in excess of jurisdiction, whereas a probate court judge would not be immune for trying a criminal case, an act for which the probate judge clearly lacked all subject matter jurisdiction.

*Ireland v. Tunis*, 113 F.3d 1435, 1441 (6th Cir.), *cert. denied*, 522 U.S. 996 (1997) (internal citations omitted). The criminal matter over which Judge Harcha presided is a matter over which the Scioto County Court of Common Pleas has subject matter jurisdiction. Since the Court of Common Pleas has "some subject matter jurisdiction" over criminal cases such as plaintiff's, Judge Harcha is afforded absolute immunity in this case. *DePiero v. City of Macedonia*, 180 F.3d 770, 785 (6th Cir. 1999), *cert. denied*, 528 U.S. 1105 (2000).

Likewise, plaintiff's complaint against Prosecutors Kuhn and Hale must be dismissed because it seeks relief from defendants who are immune from such relief. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland,* 800 F.2d 77, 80 (6th Cir. 1986), *cert. denied* 481 U.S.

6

1048 (1987). A prosecutor's initiation and presentation of cases to a grand jury falls within the traditional function of the prosecutor and is shielded by absolute immunity. *Grant v. Hollenbach,* 870 F.2d 1135, 1139 (6th Cir. 1989). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury are actions protected by absolute immunity. *See Spurlock v. Thompson,* 330 F.3d 791, 797-98 (6th Cir. 2004). *See also Imbler,* 424 U.S. at 413, 430; *Buckley v. Fitzsimmons,* 509 U.S. 259, 267 n. 3 (1993). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998). Thus, plaintiff's claims that the prosecutors conspired with the judge and the other defendants to obtain a wrongful conviction are barred by absolute immunity. *Imbler*, 424 U.S. at 430.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal on the grounds that it fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and seeks monetary relief from defendants who are immune from such relief. The complaint against defendants is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

S/Susan J. Dlott  
Susan J. Dlott, Chief Judge  
United States District Court